UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 3:88-111(DSD)

United States of America,

    Plaintiff,

v.                                    **ORDER**

Sherman Ray Meirovitz,

    Defendant.

This matter is before the court upon the motions to proceed in forma pauperis; to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and for default judgment by petitioner Sherman Ray Meirovitz. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motions to vacate and for default judgment and grants the motion to proceed in forma pauperis.

**BACKGROUND**

Meirovitz is a federal prisoner who was sentenced to life imprisonment on January 5, 1990, after a jury convicted him of conspiracy and possession with intent to distribute cocaine. See United States v. Meirovitz, 918 F.2d 1376, 1383 (8th Cir. 1990) (affirming conviction and sentence), cert. denied, 502 U.S. 829 (1991). The sentencing court determined that he qualified as career offender under Guidelines Manual § 4B1.1, due to his July 7, 1983, plea of guilty to manslaughter in the second degree, in

violation of Minnesota Statutes § 609.205. Meirovitz filed the present motions for a writ of habeas corpus and to proceed in forma pauperis on November 15, 2010. The court directed the government to respond by January 25, 2011. See ECF No. 71. The government failed to respond, and Meirovitz filed a motion for default judgment. The court now considers the motions.

## DISCUSSION

### I. Application for a Writ of Habeas Corpus

Meirovitz seeks a writ of habeas corpus under 28 U.S.C. § 2255. A § 2255 application must be made within one year of the later of 1) the date on which the conviction becomes final or 2) the date on which the right asserted is initially recognized by the Supreme Court if made retroactive on collateral review. 28 U.S.C. § 2255(f)(1), (3). Meirovitz's case became final on November 12, 1991, when the Supreme Court denied a writ of certiorari. Meirovitz argues that his predicate conviction for manslaughter in the second degree is not a crime of violence under a newly recognized right declared in Johnson v. United States, 130 S. Ct. 1265 (2010). In Johnson, the Court determined that a violent felony under 18 U.S.C. § 924(e)(1)(B)(i) requires the use of "violent force," that is, "force capable of causing physical pain or injury to another person." 130 S. Ct. at 1271 (citation omitted).

The holding of Johnson, however, is not a new rule. Two years before, in Begay v. United States, the Court held that an offense is a violent felony only if it is involves "purposeful, violent and aggressive conduct." 128 S. Ct. 1581, 1585-86 (2008) (citation and internal quotation marks omitted). As a result, the decision in Johnson is merely an application of the principle recognized in Begay. Therefore, the present § 2255 application was filed more than a year after the Court initially recognized the right asserted, and the application is barred.[1]

## II. Default Judgment

Meirovitz next argues that he is entitled to a default judgment, because the government did not respond to his application. The court does not condone disregard of its orders, however, it may only grant default judgment against the United States "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). The present application is barred by § 2255(f), and Meirovitz cannot establish a right to relief. Therefore, the motion for default judgment must be denied.

---

[1] Moreover, the definition of a crime of violence under § 924 does not necessarily control § 4B1.1. See United States v. Ross, 613 F.3d 805, 809-10 (8th Cir. 2010). Because the application is time barred, the court does not reach this question — or Meirovitz's argument about offense role — in this case.

**III.  Certificate of Appealability**

To warrant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  In this case, the Eighth Circuit has not determined whether Johnson announces a new rule and, if so, whether the rule applies retroactively on collateral appeal.  Therefore, a certificate of appealability is warranted.

Meirovitz also seeks to proceed in forma pauperis.  No district-court filing fee is required for the present § 2255 application, however, the court addresses the motion based on its grant of a certificate of appealability.  The financial information that Meirovitz provided, ECF No. 70, shows Meirovitz to be indigent, and therefore Meirovitz is entitled to proceed in forma pauperis.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is [ECF No. 68] is denied;

2.   The motion to proceed in forma pauperis [ECF No. 70] is granted;

3.   The motion for default judgment [ECF No. 72] is denied; and

4.   Pursuant to 28 U.S.C. § 2253, the court issues a certificate of appealability.

Dated: April 5, 2011

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court